IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CONCERY L. RICHARDSON, #1838461 | § | |
| VS. | § | CIVIL ACTION NO. 6:15cv920 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION ADOPTING THE REPORT
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Concery Lee Richardson, proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Cass County conviction. The cause of action was referred the United States Magistrate Judge, the Honorable K. Nicole Mitchell, for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

**I. Procedural Background**

A jury convicted Richardson of one count of assault on a public servant, a third-degree felony. He was sentenced to fifty years' imprisonment as a result of previous felony convictions. Richardson filed a direct appeal, of which his conviction was affirmed by the Court of Appeals for the Sixth District in August 2013, cause number 06-13-00012-CR. *See Richardson v. State*, 2013 WL 4624920 (Tex.App.—Texarkana, Aug. 23, 2013, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals refused his petition for discretionary review on January 29, 2014.

Richardson did not file a petition for certiorari with the United States Supreme Court, but did file a state habeas application in April 2014. The Texas Court of Criminal Appeals denied his application in October 2015 on the findings of the trial court—who recommended a denial after convening an evidentiary hearing. Richardson filed this timely petition shortly thereafter in late October 2015.

**II. Richardson's Federal Habeas Petition and the Response**

Richardson maintained that the trial court erred in denying his trial attorney's motion request to withdraw from Richardson's case because a conflict of interest existed stemming from Richardson's failure to pay his attorney on an installment contract in a separate case. Moreover, Richardson contended that counsel was ineffective for (1) failing to investigate exculpatory evidence, and for (2) failing to "seek out" and obtain an expert that would have testified that Richardson was under the influence of drugs, including morphine. He also insisted that he is innocent. Respondent argued that Richardson's claim regarding an expert is unexhausted and the remaining claims are meritless. Richardson did not file a reply.

United States Magistrate Judge K. Nicole Mitchell issued a Report, (Dkt. #40), recommending that Richardson's habeas petition be dismissed, with prejudice. Richardson has filed timely objections, (Dkt. #42).

**III. Richardson's Objections**

On objection, Richardson argues that Judge Mitchell should have ordered an evidentiary hearing. He further maintains that she recharacterized "his constitutional claims by [stating] that Mr. Richardson failed to exhaust his claim [regarding] an expert, when I plainly addressed it in ground three of his 2254 petition without conducting an evidentiary hearing and/or opening discovery." (Dkt. #41, pg. 1). Moreover, he argues that the Report failed to "address the facts set forth in the Petitioner's filing of the failure of counsel to obtain and use of an expert witness to refute the Government's allegations." In his third and final objection, Richardson objects to the use of defense counsel's affidavit.

**IV. Standard of Review**

*1. Federal Habeas Review*

The role of federal courts in reviewing habeas corpus petitions filed by state prisoners is

exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal habeas review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and

convincing evidence.  *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

  2. *Ineffective Assistance of Counsel*

To show that trial counsel was ineffective, Richardson must demonstrate both deficient performance and ensuing prejudice.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  In evaluating whether an attorney's conduct was deficient, the question becomes whether the attorney's conduct fell below an objective standard of reasonableness based on "prevailing norms of practice."  *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2016).

Moreover, to establish prejudice, the petitioner must show that there is a reasonable probability that—absent counsel's deficient performance—the outcome or result of the proceedings would have been different.  *Id.*; *see also Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687)).  It is well-settled that a "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings.  *Strickland*, 466 U.S. at 694.  Importantly, the petitioner alleging ineffective assistance must show both deficient performance and prejudice.  *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's claim.") (internal citation omitted).  Given the already highly deferential standard under the AEDPA, establishing a state court's application whether counsel was ineffective "is all the more difficult."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) ("Both the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotations and citation omitted).

## V. Discussion and Analysis

Richardson's objections are without merit and will be overruled.  As mentioned, in his first objection, he opines that Judge Mitchell incorrectly found that he failed to exhaust his claim

regarding counsel's purported failed to call an expert witness. (Dkt. #41, pg. 1). However, this objection mischaracterizes Judge Mitchell's Report.

In ground two of Richardson's habeas petition, he maintained that counsel was ineffective for failing to investigate exculpatory evidence—namely, alleged video camera footage. (Dkt. #1, pg. 6). Judge Mitchell found that this particular claim was procedurally barred and unexhausted because he failed to raise this claim to the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985) (explaining that a Texas prisoner must present his or her claim to the Texas Court of Criminal Appeals to satisfy the exhaustion requirement). The record reflects that Richardson did not raise this claim on direct appeal, in his petition for discretionary review, or in his state habeas application. Accordingly, Judge Mitchell correctly found that this claim was unexhausted and should be dismissed.

Richardson claims that the Report incorrectly found that that he failed to exhaust his claim concerning an expert witness (ground three of his habeas petition). However, ground two— Richardson's claim concerning the purported video footage—was the unexhausted claim. Judge Mitchell discussed and analyzed Richardson's expert witness claim and determined that he failed to demonstrate that counsel was ineffective for failing to call an expert witness. In other words, on objection, Richardson confuses which of his claims were unexhausted.

Moreover, Richardson misconstrues the exhaustion requirement. Specifically, on objection, he maintains that he exhausted his expert witness claim because he "plainly" addressed it in ground three of his section 2254 petition. But the exhaustion requirement mandates that state prisoners must—**before** filing claims in federal court—"fairly present" all their claims to the state court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). Section 2254 is the federal habeas statute; therefore, whether Richardson addressed his claim in his federal habeas petition does not satisfy

the question of whether he exhausted his state remedies before he raised the claim in his federal, section 2254 habeas petition. This objection must be overruled.

Turning to Richardson's second objection, the Court notes that he maintains that the Report "fails to address the facts set forth in the Petitioner's filing of the failure of counsel to obtain and use [] an expert witness to refute the Government's allegations." However, this objection is without merit. In ground three of his petition, Richardson argued that counsel was also ineffective for failing to "seek out and obtain expert testimony that would have shown the jury that the Petitioner was, in fact, induced with several drugs—including morphine." (Dkt. #1, pg. 7). He maintained that, as a result of sedation, he was physically incapable of amounting any kind of resistance.

Judge Mitchell correctly found that Richardson failed to demonstrate that counsel was ineffective for failing to call a witness, that his claim was purely conclusory, and relied on cumulative evidence. To demonstrate that counsel was ineffective for failing to call a witness, the petitioner must demonstrate that the witness's testimony would have been favorable and that the witness would have testified at trial. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (citing *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. denied*, 467 U.S. 1251 (1984) (explaining that complaints concerning uncalled witnesses are generally not favored because the presentation of witness testimony is essentially strategy and thus within counsel's domain, and that speculations as to what the witness would have testified is too uncertain.")). Additionally, the petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Carter v. Stephens*, 805 F.3d 552, 555 n.1 (5th Cir. 2015).

Similarly, to show that counsel was ineffective for failing to investigate, the petition must allege—with specificity—what the investigation would have revealed and how it would have changed the outcome of the trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

As Judge Mitchell found, Richardson (1) never articulated the name of an expert he claims counsel should have called or hired; (2) failed to indicate whether that expert would have testified; and (3) failed to show that the expert would have benefited his defense. Richardson fails to address these deficiencies on objection. Crucially, Richardson's claim relies on the existence of camera footage; however, as mentioned in the Report, there was no indication whatsoever that camera footage actually existed and, therefore, no way to determine whether such footage would have been favorable to his defense.

Additionally, as Judge Mitchell reasoned, the expert testimony Richardson seeks—as he describes it—would have been cumulative. He insists that expert testimony and investigation would have shown that he was "induced" with (under the influence of) several drugs at the time he committed his offense, he was incapable of resisting or assaulting a public servant. Nevertheless, counsel cannot be ineffective for failing to raise cumulative evidence—as one cannot demonstrate that the outcome would have been different.

Richardson's trial counsel provided an affidavit to the state habeas court regarding this claim. (Dkt. #18, pg. 16). He stated that a registered nurse testified at trial pursuant to a subpoena, explaining that medications administered to Richardson were sedative in nature. Therefore, any **additional** expert testifying as to Richardson being "induced" with medications would have been cumulative. As a result, Richardson cannot demonstrate prejudice—that the outcome would have been different—because the jury already heard testimony about Richardson's medications having a "sedative" effect and still found him guilty of assaulting a public servant. Judge Mitchell's findings on this claim are correct and Richardson's objections must be overruled.

Finally, in his third objection, Richardson takes issue with the use of defense counsel's affidavit, which was provided to the state habeas court and is contained in the record. (Dkt. #18, pg. 16). Specifically, he opines that "when a court is faced with conflicting affidavits on material facts, contested factual issues may not be decided on the basis of affidavits alone." The record shows that state habeas court ordered an affidavit from trial counsel, examined the affidavit, issued a memorandum order, and recommended to the Texas Court of Criminal Appeals that Richardson's state habeas application be denied. The Texas Court of Criminal Appeals then denied his petition, implicitly finding trial counsel affidavit credible.

In rejecting Richardson's claims, the state courts made credibility choices in favor of counsel's affidavit, which are presumed correct in this forum. *See Marshall v. Lonberger*, 459 U.S. 422, 433 (1983) (applying presumption of correctness to an implicit finding against the defendant's credibility where that finding was necessarily part of the court's rejection of the defendant's claim); *see also Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004) (explaining that, "[a]s a federal court, we are bound by the state habeas court's factual findings, both implicit and explicit."); *Becerril v. Quarterman*, 2007 WL 1701869 *4 (S.D. Tex.—Houston Jun. 11, 2007) ("The Texas Court of Criminal Appeals adopted the trial court's findings when it denied relief. A federal court is bound by the state habeas court's factual findings, both implicit and explicit.") (citation omitted). Because this Court applies a presumption of correctness to even implicit findings, Richardson's objection to the use of defense counsel's affidavit is without merit.

**VI. Conclusion**

As Judge Mitchell found, Richardson failed to show that counsel was ineffective, that a constitutional violation exists, or that that the state habeas court's adjudication of his claims resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or resulted in a

decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Judge Mitchell correctly determined that Richardson's federal habeas corpus petition is without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections, (Dkt. #42), are overruled and the Report of the Magistrate Judge, (Dkt. #40), is **ADOPTED** as the opinion of the District Court. Further, it is

**ORDERED** that the above-styled petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is also

**ORDERED** that the Petitioner Richardson is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** February 22, 2019.

_____

Ron Clark, Senior District Judge